IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PEGGY SUE EDDINGS                                                                                       PLAINTIFF

          v.                              Civil No. 11-3023

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                       DEFENDANT

**MEMORANDUM OPINION**

     Plaintiff, Peggy Sue Eddings, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental insurance benefits ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.       Procedural Background:**

     The plaintiff filed her applications for DIB and SSI on February 7, 2008, alleging an onset date of May 1, 2002, due to lumbar fractures, breast cancer, congestive heart failure, an atrial fistula, episodes of syncope, and a torn rotator cuff in her right shoulder. Tr. 121-131, 237, 255-256, 288-289. Her applications were initially denied and that denial was upheld upon reconsideration. Tr. 80-83. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held August 20, 2009. Tr. 9-52. Plaintiff was present and represented by counsel.

     At this time, plaintiff was 36 years of age and possessed a high school education and certification as a certified nurse aid ("CNA"). Tr. 67, 243, 246-254. She had past relevant work ("PRW") experience as a CNA, Dog Breeder, Nursing Home cook, and Child Care Worker. Tr. 67, 237, 265-272, 273-284.

     On January 20, 2010, the ALJ found that plaintiff's chronic heart disease, back disorder (degenerative disk disease L3-4 level/fracture of acute process of L1-2 level), right rotator cuff tear, and ductal cell carcinoma of the left breast were severe, but did not meet or medically equal one of the listed

impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 62-64. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work requiring occasional pushing/pulling with either upper extremity and no overhead reaching with either upper extremity or climbing ladders/scaffolds/ropes. Tr. 64-67. He also concluded Plaintiff should observe seizure precautions, but should not drive as a part of her work or be exposed to unprotected heights, heavy equipment, or unprotected machinery. She could, however, frequently climb ramps ad stairs, balance, stoop, kneel, crouch, and crawl. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a laundry worker, bench assembler, and cashier II. Tr. 68-69.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 24, 2011. Tr. 1-5. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 7, 8.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical

3

records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the evidence reveals that Plaintiff was suffering from a rotator cuff tear in her right shoulder. On December 27, 2007, Plaintiff had reportedly fallen in the rain and injured her right leg, knee, and shoulder, and was unable to use her right arm. Tr. 456-457. She was taking Ibuprofen, but it was not helping. An examination revealed decreased abduction in the right shoulder and tenderness in the right lumbosacral spine. Dr. Dunaway diagnosed her with shoulder pain, sciatica, and a possible torn rotator cuff. He ordered an MRI of her shoulder and prescribed Tramadol and Celebrex. Tr. 456-457. The MRI revealed moderate to severe degenerative changes at the right AC joint and tendinosis versus a partial tear of the right rotator cuff. Tr. 526.

On January 7, 2008, Plaintiff returned for the results of her MRI. Tr. 454-455, 607-608. Her right shoulder remained tender and swollen and exhibited a decreased range of motion. Dr. Dunaway diagnosed Plaintiff with valvular heart disease, a right rotator cuff tear, and lumbar pain. He prescribed occupational therapy, Lasix, Celebrex, and Flexeril. Tr. 454-455.

AO72A
(Rev. 8/82)

On January 9, 2008, Plaintiff was referred to Ted Borchers for physical therapy. Tr. 521. She was placed on hot packs followed by a comprehensive home exercise program. Plaintiff was discharged with a home exercise program following this session Tr. 521.

On March 25, 2008, Plaintiff underwent a general physical examination with Dr. Shannon Brownfield. Tr. 625-630. Plaintiff complained of a probable right shoulder rotator cuff tear, occasional dizzy spells associated with falls, a history of CHF and valve problems, chest pain, shortness of breath, chronic middle and lower back pain with occasional radiation to the left lower extremity, and a history of left breast cancer status post lumpectomy and radiation in complete remission. An examination revealed a normal range of motion in all areas, except for her right shoulder. No sensory abnormalities, muscle atrophy, or neurological problems were noted. Dr. Brownfield diagnosed Plaintiff with right shoulder pain with a limited range of motion secondary to a probable tear, CHF, status post breast cancer, paroxysmal vertigo, and lower back pain with sciatica. She then indicated Plaintiff would have limited use of her right upper extremity and moderate postural limitations with regard to walking, stooping, lifting weights, and moderate exertional limitations. Tr. 625-630.

On March 25, 2008, Dr. Jerry Mann completed a physical RFC assessment. Tr. 634-641. Reviewing only her medical records, he concluded Plaintiff could perform light work, limited by her inability to push and pull with her right upper extremity. He also found Plaintiff could never climb ladders/ropes/scaffolds; could frequently climb ramps/stairs, stoop, kneel, crouch, and crawl; could not reach over head with her right upper extremity; and, should avoid concentrated exposure to hazards such as machinery and heights. Tr. 634-641. This assessment was affirmed on July 1, 2008, by Dr. Ronald Crow. Tr. 668.

However, in spite of this evidence, the ALJ concluded Plaintiff could occasionally push and pull with both of her upper extremities. She also found Plaintiff would be unable to work overheard with her right upper extremity.

AO72A
(Rev. 8/82)

Using these limitations in the hypothetical questioned posed to the vocational expert, the ALJ went on to conclude that Plaintiff could perform work as a laundry worker, bench assembler, and cashier II. *See Cox v. Apfel,* 160 F.3d 1203, 1207 (8th Cir. 1998) (holding hypothetical question posed to the vocational expert based on incorrect RFC cannot constitute substantial evidence to support a conclusion that Plaintiff not disabled). A review of the descriptions of these positions in the Dictionary of Occupational Titles reveals that the position of laundry worker requires constant reaching and handling, and by its definition also requires a great deal of pushing and pulling. *See* Dictionary of Occupational Titles § 302.685-010 (requiring worker to remove articles from washer and load into dryer). The position of bench assembler also requires frequent reaching and handling, as well as the ability to push and pull. *Id*. § 706.684-042. Further, the position of cashier II requires frequent reaching and handling. *Id*. § 211.462-010. Because the evidence makes clear that Plaintiff was unable to push and pull or reach overhead with her right upper extremity, we believe remand is necessary to allow the ALJ to reconsider Plaintiff's RFC. Substantial evidence does not support her determination that Plaintiff could occasionally push and pull with both upper extremities. The requisite evidence is also lacking to support a finding that Plaintiff could perform work as a laundry worker, bench assembler, and cashier II, given that the vocational expert's testimony is in direct contradiction to the Dictionary of Occupational Titles and no explanation was provided for this variance. *See Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) (holding ALJ cannot rely on expert testimony that conflicts with DOT unless there is evidence in the record to rebut those classifications).

On remand, the ALJ should also reconsider the limitations imposed by Plaintiff's degenerative disk disease. On May 12, 2000, x-rays of her lumbar spine showed transverse process fractures at the L1 and L2 levels. The doctor prescribed Flexeril, Lodine, Darvocet, and bed rest for one week. Tr. 339-344. On at least two more occasions, Plaintiff sought out treatment for back pain. Tr. 468-469, 480-481, 510, 590-593. In April 2005, an x-ray of her lumbar spine revealed mild degenerative disk disease at the

AO72A
(Rev. 8/82)

L3-4 level. Tr. 433. In January 2008, she again complained of lower back pain. Tr. 607-608. And, in March 2008, when evaluated by Dr. Brownfield, Plaintiff reported chronic mid and lower back pain with occasional radiation to the left lower extremity. Tr. 625-630. Dr. Brownfield diagnosed Plaintiff with lower back pain with sciatica and concluded she would have moderate limitations with regard to stooping. Tr. 625-630. During a hospitalization in April 2008, Plaintiff voiced continued complaints regarding chronic back pain Tr. 644-655.

After reviewing all of the evidence of record, on remand, we believe the ALJ should also reconsider Plaintiff's stooping, bending, crouching, and crawling limitations in light of her degenerative disk disease.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of March 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)